UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
THOMAS SMITH,                      )
                                   )
      Petitioner,                  )
                                   )
          v.                       )      Civil Action No. 11-10362-NMG
                                   )
THE ATTORNEY GENERAL               )
OF THE STATE OF                    )
MASSACHUSETTS,                     )
                                   )
      Respondent.                 )
_____)

REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS

January 10, 2012

SOROKIN, M.J.

On March 3, 2011, Thomas Smith, acting pro se, petitioned for a writ of habeas corpus pursuant to 28 U.S.C., § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Docket #1. On December 21, 2011, the Respondent filed her Motion to Dismiss on the grounds that the Petition contains both exhausted and unexhausted claims. Docket # 16. For the following reasons, I RECOMMEND that the Court ALLOW the Respondent's Motion, unless the Petitioner dismisses the unexhausted claims in order to proceed with the exhausted claims

I.      PROCEDURAL BACKGROUND

On October 16, 2006, after a jury trial before Bristol Superior Court Judge Richard T.

1

Moses, Smith was convicted of: (1) first-degree murder, in violation of M.G.L. c. 265, § 1; (2) carrying a firearm without a license, in violation of M.G.L. c. 269, § 10(a); and (3) discharging a firearm within five hundred feet of a building, in violation of M.G.L. c. 269, § 12E. Docket #8 at 7. Smith was sentenced to a term of life in prison on the murder conviction. Id. He received a concurrent term of four-to-five years on the unlicensed firearm charge and the firearm discharge conviction was filed. Id. at 7-8.

On February 1, 2008, Smith made a motion for a new trial, which was denied on November 18, 2008. Id. at 9. He filed a notice of appeal on December 8, 2008. Id. On appeal, Smith made the following arguments before the Supreme Judicial Court:

1. that his motion to suppress should have been granted because his Miranda waiver was not voluntary;

2. that he was deprived of his right to testify on his own behalf;

3. that the prosecution's delayed disclosure of assistance given to witnesses Francisco Barros and Michael DeJesus created a substantial likelihood of a miscarriage of justice;

4. that the prosecutor's closing argument that premeditation was established by Smith's having obtained a gun created a substantial likelihood of a miscarriage of justice;

5. that the Court's instruction to the jury that malice may be inferred from use of a dangerous weapon allowed the jury to convict on premeditated murder without finding a specific intent to kill;

6. that witness Lelanie Ocasio's contradictory testimony created a substantial

likelihood of a miscarriage of justice;

7. that trying Smith separately from an alleged joint venturer, John Jones, while evidence against Jones was used against Smith as well, created a substantial likelihood of a miscarriage of justice;

8. that his trial counsel was ineffective because he:

   (a) failed to call witnesses Jamilson Teixeira and Skip Johnson;

   (b) failed to cross examine witnesses DeJesus and Diana Melendez;

   (c) permitted the prosecutor to ask leading questions and permitted him to elicit portions of Smith's statements to police;

   (d) failed to develop a mistaken identity defense;

   (e) failed to hire an investigator familiar with the Taunton housing projects;

   (f) failed to challenge the immunity granted to two witnesses; and

   (g) failed to demonstrate to the jury a meat cleaver found in the victim's pocket; and,

9. that the cumulative effect of his trial counsel's errors constituted ineffective assistance of counsel and created a substantial likelihood of a miscarriage of justice.

Id. at 16-17, 46-50.

On April 9, 2010, the Supreme Judicial Court affirmed Smith's conviction and the denial of his motion for a new trial. Id. at 199-210; Commonwealth v. Smith, 456 Mass. 476 (2010).

On March 3, 2011, Smith filed his Petition for Writ of Habeas Corpus. Docket # 1. Smith's pro se Petition is prolix and raises approximately nineteen grounds for relief within two

paragraphs. As best the Court is able to discern, Smith asserts the following nineteen grounds for relief within his Petition:

1. that his trial counsel was ineffective in that he failed to object to certain prosecutorial misconduct, including the prosecutor's failing to disclose "the things the prosecutor and Taunton police were giving witnesses for their testimony";[1]

2. that his trial counsel was ineffective in that he "wouldn't put any of my witnesses on the stand . . . counsel refused to put witness Skip Johnson on" (i.e., Claim 8(a), supra);

3. that his trial counsel was ineffective in that he "failed to cross one of the two states witnesses"(i.e., Claim 8(b), supra, albeit in narrower form);

4. that his trial counsel was ineffective in that he "allowed the state trooper to speak on an allege[d] statement by the defendant which [left] me no other choice but to testify in my own defense" (i.e., Claim 8(c), supra);

5. that his trial counsel was ineffective in that he "wouldn't object to the evidence that had nothing to do with me";

6. that his trial counsel was ineffective in that he did not raise a misidentification defense;[2]

---

[1] The Court notes that while this ground for relief is related to Claim 3, supra, as raised before the SJC, it is not the same claim because Smith's claim at the SJC concerned the delayed prosecutorial disclosure itself, while in his Petition before this Court, Smith raises his trial counsel's ineffective assistance on the basis of his failure to object to that delayed disclosure.

[2] Such is the Court's interpretation of Smith's allegation in the Petition that trial counsel was "also ineffective for not having an defense for my case in which my defense and the case

4

7. that his trial counsel was ineffective in that he "never once informed on any decisions regarding my life in this case";

8. that his trial counsel and the prosecutor were, and are, "best friends" which prejudiced Smith because his trial counsel handled his case improperly and acted as if he didn't want to handle the matter and didn't want to oppose the prosecutor;

9. that his trial counsel was ineffective in that he did not withdraw from the case when asked by Smith to do so prior to trial, when Smith discovered he had done no work on the case;

10. that his trial counsel was ineffective in the totality of his actions "by failing to properly handle my case . . . also the motions that defense counsel had done for me was not done to the best of his ability an attorney to handle my case" (i.e., Claim 9, supra;

11. that he was denied his right to testify in his own behalf (i.e., Claim 2, supra);

12. that the trial judge "gave wrong instructions on my case [be]cause he said and I quote: 'I'm gonna just use some of the instructions and make up as I go along.' his instructions to the jury was prejudic[ial] to me as well to my case";[3]

13. that the trial judge was prejudiced due to the fact that the D.A.'s brother was dating the judge's daughter, and refused to recuse himself;

14. that the trial judge improperly permitted the prosecutor "to go out and find the

---

was based on identification and defense counsel abandoned defense."

[3] This asserted ground for relief subsumes – but also significantly expands – Claim 5, supra, as raised before the SJC.

two witnesses that was never properly subpoenaed to appear in court for trial";

15. that trial counsel was also ineffective for failing to object concerning the improperly subpoenaed witnesses described in Ground for Relief 14, supra;

16. that his "co defendant was given a lesser degree of murder whereas I was not given any type of deal before trial"

17. that the "prosecutor gave leading questions"[4]

18. that the prosecutor vouched for witnesses in his closing; and,

19. that the prosecutor engaged in misconduct by "placing a false witness Lelanie Ocasio on the stand to testify her statement was contradictory (i.e., Claim 6, supra)"

On March 14, 2011, Smith moved for the appointment of counsel. Docket # 4. On November 1, 2011, the Court denied his motion. Docket # 14. On December 21, 2011, the Respondent moved to dismiss the Petition pursuant to Fed. R. Civ. P. 12(b)(6), asserting that Smith has failed to exhaust his available state court remedies as to all the grounds asserted in his petition, as is required by 28 U.S.C. § 2254(b)-(c). Docket #16. In response to the Motion to Dismiss, Smith renewed his request for appointed counsel to assist him in responding to the motion. Docket # 19. Smith has made no other response to the Respondent's motion to dismiss.

Although in his underlying criminal case Smith was entitled to the appointment of counsel, neither a civil litigant nor a habeas Petitioner has a constitutional or statutory right to

---

[4] While this ground for relief is related to Claim 8(c), supra, as raised before the SJC, it is not the same claim because Smith's claim at the SJC concerned his trial counsel's ineffective assistance in failing to object to the leading questions, while in his Petition before this Court, Smith objects to the leading questions themselves.

6

appointed counsel. Dellenbach v. Hanks, 76 F.3d 820, 823 (7th Cir.1996), cert. denied, 519 U.S. 894, 117 S.Ct. 237, 136 L.Ed.2d 167 (1996). Rather, the appointment of counsel is discretionary and counsel may be provided if the Court determines the "interests of justice so require." 18 U.S.C. § 3006A(2). Accordingly, Smith's renewed Motion to Appoint Counsel is DENIED, WITHOUT PREJUDICE. Although the Respondent's Motion to Dismiss is essentially unopposed, I proceed to address its merits.

II. DISCUSSION

28 U.S.C. § 2254(b)-(c) provides, in relevant part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(I) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)-(c).

The exhaustion requirement provides the State with the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995)). A habeas petitioner bears the "heavy burden" of demonstrating the fulfillment of the exhaustion requirement. Barresi v. Maloney, 296 F.3d 48, 51 (1st Cir.2002).

A Petitioner can meet the exhaustion requirement by showing that in his papers filed with

7

the appropriate state court he (1) cited a provision of the federal constitution; (2) presented a federal constitutional claim in a manner that fairly alerted the state court to the federal nature of the claim; (3) cited federal constitutional precedents; or (4) claimed violation of a right specifically protected in the federal constitution. Clements, 485 F.3d at 162. In some situations a petitioner who, in his filings with the appropriate state court, cites state court decisions that rely on federal law or articulate a state claim that is, for all practical purposes, indistinguishable from one arising under federal law may also satisfy the exhaustion requirement. Id.

Petitions containing both exhausted and unexhausted claims are deemed "mixed petitions." See Rose v. Lundy, 455 U.S. 509 (1982). A federal court confronted with a mixed petition may: (1) dismiss the petition in its entirety; (2) allow the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; or, (3) stay the petition until the petitioner returns to state court to exhaust his previously unexhausted claims. Rhines v. Weber, 544 U.S. 269, 274-278 (2005). The district court should stay, rather than dismiss, a mixed petition if (1) the petitioner had good cause for his failure to exhaust; (2) his unexhausted claims are potentially meritorious; and, (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. Id. at 278.

Smith's Petition For Writ of Habeas Corpus asserts nineteen grounds for relief (delineated at 4-6, supra). Seven of these claims are exhausted: (1) that he was deprived of his right to testify on his own behalf; (2) that the jury instructions were improper (with regard to the instruction on malice, only); (3) that his trial counsel was ineffective in the totality of his efforts, and in particular by: (4) failing to call two witnesses; (5) failing to cross one witness; (6) failing to develop a mistaken identity defense; and (7) failing to object when the prosecutor elicited

from a witness portions of Smith's statements to police.

The remaining twelve grounds for relief [5] are unexhausted and Smith's Petition is therefore a "mixed petition," which District Courts may not adjudicate. Lundy, 455 U.S. at 518-19; 28 U.S.C. § 2254(b)(1)(A). The AEDPA includes a one-year statute of limitations on filing of federal habeas petitions. 28 U.S.C. § 2244(d)(1). That limitations period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). It is not tolled, however, by the filing of a habeas petition in federal court. Rhines, 544 U.S. at 274-275 (citing Duncan, 533 U.S. at 181-182). Enactment of the AEDPA's limitations period, against the backdrop of Lundy's total exhaustion requirement, "reinforces the importance of Lundy's 'simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court.' " Rhines, 544 U.S. at 276-77 (quoting Lundy, 455 U.S. at 520).

A District Court has the authority to stay federal habeas proceedings in order to permit a Petitioner to present his unexhausted claims to a state court and then return for adjudication of

---

[5] Namely: (1) that the trial judge was prejudiced and refused to recuse himself; (2) that the trial judge improperly permitted the prosecutor to put on improperly subpoenaed witnesses; (3) that his "co defendant was given a lesser degree of murder whereas I was not given any type of deal before trial"(4) that the "prosecutor gave leading questions (5) that the prosecutor vouched for witnesses in his closing (6) that the prosecutor engaged in misconduct by "placing a false witness Lelanie Ocasio on the stand to testify"; (7) that his trial counsel was ineffective in that he: "wouldn't object to the evidence that had nothing to do with me"; (8) "never once informed on any decisions regarding my life in this case" (9) did not withdraw from the case when asked by Smith to do so prior to trial; (11) failed to object to the prosecutor's failing to disclose the assistance given to witnesses; (11) failed to object to the improperly-subpoenaed witnesses; and (12) handled the case improperly because he and the prosecutor were best friends and he didn't want to "go against" the prosecutor. Additionally, the ground for relief asserted in the Petition that the jury instructions were generally improper is exhausted only with regard to the malice instruction objected to before the SJC (i.e., Claim 5, at 2, supra).

the federal petition (avoiding by means of the stay the running of the limitations period in the interim). Rhines, 544 U.S. at 275-76. Such stays however, if employed too frequently, potentially frustrate both the AEDPA's objective of encouraging finality and its goal of streamlining federal habeas proceedings by decreasing a Petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. Id., at 276-77. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id., at 277. Conversely, the District Court should stay, rather than dismiss, a mixed petition where the petitioner had good cause for his failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. Id., at 278. When the District Court determines that a stay is inappropriate, the District Court should permit the Petitioner to amend the petition to delete the unexhausted claims and proceed with the exhausted claims "if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Id. (citing Lundy, 455 U.S. at 520).

Here, Smith has not demonstrated good cause for his failure to present his unexhausted claims to the state court, and a stay is not appropriate.

III. CONCLUSION

For the foregoing reasons, I RECOMMEND: (a) that the Court ALLOW the Respondent's Motion to Dismiss (Docket #16) and STAY this decision for fourteen days to

provide Smith the opportunity, during these fourteen days, to amend his Petition by deleting the unexhausted claims; and (b), (i) that if Smith deletes the unexhausted claims within the allotted time, that the Court then lift the STAY, VACATE the allowance of the motion described in (a), DENY the Motion to Dismiss as MOOT and direct the Parties to brief the merits of the revised Petition (which would then raise only exhausted claims); or, (ii) if Smith does not delete the unexhausted claims within the allotted time, that the Court then lift the STAY, thereby entering the Order described in (a) resulting in dismissal of the Petition and the closing of this case.[6]

/s/ Leo T. Sorokin
United States Magistrate Judge

---

[6] The parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within 14 days of receipt of this Report and Recommendation. The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b). The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir.1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir.1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir.1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir.1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir.1983); see also Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).