# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THOMAS SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. |
| v. | ) | 11-10362-FDS |
| | ) | |
| KELLY RYAN, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER ON
## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

**SAYLOR, J.**

This is a habeas corpus proceeding under 28 U.S.C. § 2254(d). Petitioner Thomas Smith was convicted in state court of one count of first-degree murder, one count of carrying a firearm without a license, and one count of discharging a firearm within five hundred feet of a building. He challenges his conviction primarily on the basis of claimed ineffective assistance of trial counsel under the Sixth and Fourteenth Amendments.

Petitioner alleges four grounds as the basis for his ineffective assistance claim: (1) failure to call two potentially exculpatory witnesses; (2) failure to cross-examine a key eyewitness; (3) failure to develop a mistaken-identity defense; and (4) failure to object when the prosecutor examined a witness concerning petitioner's statements to police. Petitioner also contends that he was deprived of his right to testify on his own behalf under the Fifth, Sixth, and Fourteenth Amendments; and that the jury instructions were improper with regard to an

instruction on malice.  In addition, petitioner has filed a motion to appoint counsel.[1]

The matter was referred to United States Magistrate Judge Leo T. Sorokin pursuant to 28 U.S.C. § 636(b)(1) for findings and recommendations.  On December 12, 2012, the Magistrate Judge issued a Report and Recommendation recommending that the petition be denied.  Petitioner filed a timely objection to the Report and Recommendation on December 28.  In the objection, he explained that he could not understand the report and recommendation and requested an attorney to assist him in this matter.

Upon *de novo* review, the Court adopts the Report and Recommendation of the Magistrate Judge.

I.   **Background**

   A.   **Factual Background**

The facts surrounding the crime that led to petitioner's conviction are set out in the decision of the Supreme Judicial Court and are entitled to a presumption of correctness on habeas review.  28 U.S.C. § 2254(e)(1).  The SJC held that a jury could have found as follows:

> During the early morning of January 13, 2005, Arthur Simpson was shot in the DeWert housing project in Taunton.  He ran to a nearby house seeking aid, collapsed on the stairs leading to the house, and died shortly thereafter.  The cause of death was a single gunshot wound. The Commonwealth presented its case primarily through the testimony of two eyewitnesses to the shooting, Francisco Barros and Michael DeJesus.  Testifying under a grant of immunity, each of these men stated that he saw the defendant shoot the victim.

*Commonwealth v. Smith*, 456 Mass. 476, 477-478 (2010).

   B.   **Procedural Background**

In October 2006, Smith was convicted in Superior Court of first-degree murder, carrying

---

[1] This is petitioner's second motion to appoint counsel.  The Magistrate Judge denied petitioner's initial motion to appoint counsel, which was filed on March 14, 2011.

a firearm without a license, and discharging a firearm within five hundred feet of a building. He was sentenced to life imprisonment for the murder conviction and received concurrent four- to five-year terms of imprisonment for the unlicensed firearm and firearm discharge charges.

On April 9, 2008, Smith filed an appeal to the Supreme Judicial Court. In that appeal, he contended that (1) the motion judge erred in denying his motion to suppress statements to the police, (2) he was deprived of his right to testify in his own defense, (3) he received ineffective assistance of counsel, (4) the Commonwealth did not disclose to defense counsel that it had provided two eyewitnesses assistance before trial, (5) the contradictory testimony of witness Lelanie Ocasio created a substantial likelihood of miscarriage of justice, (6) the prosecutor made misleading comments to the jury during his closing argument, and (7) the judge improperly instructed the jury as to malice. In addition, he raised six claims on his own that his counsel refused to associate himself with. *See Commonwealth v. Moffett*, 383 Mass. 201 (1981). The SJC rejected his arguments and affirmed his convictions on April 9, 2010.

Petitioner filed the petition for habeas corpus on March 3, 2011. Respondent filed a motion to dismiss on the grounds that the petition contained both exhausted and unexhausted claims. On February 16, 2012, the Court granted petitioner's motion to amend his petition to dismiss the unexhausted claims, leaving the seven exhausted claims intact.

## II.     The Standard for Habeas Review

Under 28 U.S.C. § 2254(d), a federal court may not issue a habeas petition "with respect to any claim that was adjudicated on the merits in State court proceedings" unless the state court decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an

unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

### III.   The Ineffective Assistance of Counsel Claim

Petitioner contends that he did not receive effective assistance of counsel at trial in violation of the Sixth Amendment.  Petitioner argues that counsel was ineffective because he (1) failed to call witnesses Jamilson Teixera and Skip Johnson; (2) failed to cross-examine witness Michael DeJesus; (3) failed to develop a mistaken-identity defense; and (4) failed to object to prosecutor's leading questions.

#### A.   Failure to Call Witnesses Teixera and Johnson

Petitioner alleges that his trial counsel was ineffective because he failed to call Jamilson Teixera and Skip Johnson as witnesses.  Teixera had claimed that he saw defendant "smoking weed" with two others at the DeWert Housing Project around the time of shooting. *Commonwealth v. Smith*, 456 Mass. 476, 482 (2010).  Petitioner's trial counsel had considered calling Teixera, as evidenced by a writ of habeas corpus issued to procure Texiera's attendance at trial, but ultimately decided against that strategy.  Both the Magistrate Judge and the SJC characterized counsel's choice as a tactical decision.  For example, the SJC noted that defense counsel may have decided not to call Teixera because Teixera's observations did not preclude the possibility that petitioner shot the victim and his testimony contradicted petitioner's own statements that he was present when the victim was shot. *Id.* Unfortunately for petitioner, such a strategic choice "cannot ordinarily form the basis of a claim of ineffective assistance." *United States v. Oliveras*, 717 F.2d 1, 3 (1st Cir. 1983).

Similarly, petitioner faults counsel for failing to call Skip Johnson, who claimed that two

of the Commonwealth's key witnesses were receiving benefits from the Commonwealth, including lodging at a hotel and money for food. In particular, Johnson stated that the witnesses had said they would tell the police "whatever they wanted to hear." *Smith*, 456 Mass. at 482. Rather than calling Johnson to testify, the parties prepared a stipulation detailing the benefits the witnesses received that was read to the jury before closing arguments. The SJC surmised that defense counsel may have presented the evidence through a stipulation because of Johnson's reluctance to take the stand. *Id.* at 484. The decision to present this very same evidence in a stipulation rather than through examination of a witness was clearly a tactical choice, and such a decision cannot normally form the basis of a claim of ineffective assistance.

### B.     Failure to Cross-Examine DeJesus

Petitioner also contends that counsel was ineffective because he failed to cross-examine Michael DeJesus, one of the Commonwealth's primary eyewitnesses, who had initially denied witnessing the shooting. Rather than cross-examine DeJesus on this point, counsel instead called Trooper Ann Marie Robertson as a witness as to DeJesus' initial statements. The SJC observed that counsel "reasonably could have decided that Robertson would be a more reliable witness through whom to impeach DeJesus than DeJesus himself." *Smith*, 456 Mass. at 485. This is again a tactical decision that will not provide support for a claim of ineffective assistance of counsel.

### C.     Failure to Develop a Mistaken-Identity Defense

Next, petitioner contends that counsel was ineffective because, according to his allegations, "counsel failed to present a defense of mistaken identity." (Pet. for Writ of Habeas Corpus at 3). Contrary to petitioner's assertions, however, the defense of mistaken identity "is

5

precisely what defense counsel attempted to do through cross-examination of the various witnesses." *Smith*, 456 Mass. at 488-89.  Without further elaboration from petitioner as to why trial counsel's presentation of the mistaken-identity defense was deficient, this claim must fail as well.

### D. Failure to Object to Prosecutor's Leading Questions

Finally, petitioner contends that counsel was ineffective because he did not object to the prosecutor's use of leading questions during the direct examination of Trooper Robertson.  On this point, the SJC concluded that "[i]t was clear from sidebar conferences . . . that this was a considered decision agreed to by both parties to keep from the jury any evidence that the defendant was incarcerated when he was interviewed by Trooper Robertson," and such a decision was not "manifestly unreasonable."  *Smith*, 456 Mass. at 485.  As the Magistrate Judge observed, this conclusion was not contrary to, or an unreasonable application of, controlling Supreme Court precedent.  Indeed, this is precisely the type of strategic decision that falls within the "wide range of professionally competent assistance," and, therefore, the SJC did not err in deciding that such a decision rendered assistance of counsel constitutionally "deficient" as defined by *Strickland v. Washington*, 466 U.S. 668, 689-90 (1984).

Because the Court finds that none of petitioner's individual claims of ineffective assistance of counsel are meritorious, the cumulative effect of these alleged errors will not provide a basis for relief.  Accordingly, upon *de novo* review, this Court will adopt the Magistrate Judge's Report and Recommendation and deny the petition for habeas corpus relief on the basis of ineffective assistance of counsel.

## IV. Right to Testify

In addition to his claims of ineffective assistance of counsel, petitioner contends that he was deprived of the right to testify in his own defense. The SJC did not credit petitioner's assertion that he would have testified had he been given the opportunity. In particular, the SJC observed that petitioner was present when the judge and trial attorney discussed his decision not to testify in court. *Smith*, 456 Mass. at 481. At that time, defense counsel said, "We've been over that a number of times." *Id.* Under Massachusetts law, the judge may rely on counsel's representation made during trial that his client waived his right to testify. *Commonwealth v. Glacken*, 451 Mass. 163, 170 (2008) ("A trial judge need not engage in a colloquy with the defendant to determine that the defendant has knowingly and intelligently waived his right to testify."). More importantly, the Supreme Court has never held that the Constitution mandates an inquiry into a defendant's waiver of his right to testify absent an indication of some disagreement on the matter between defendant and his counsel. *United States v. Systems Architects, Inc.*, 757 F.2d 373, 375-76 (1st Cir. 1985) (holding that "[t]here is no constitutional or statutory mandate that a trial court inquire further into a defendant's decision to not testify . . ." absent "a situation where the defendants wanted to testify and were prevented from doing so by the trial court or counsel" or indicia of "a disagreement between attorney and client regarding whether they should take the stand"). In the absence of such a constitutional requirement, habeas relief on that basis is unavailable. *See* 28 U.S.C. § 2254(d)(1); *Carey v. Musladin*, 549 U.S. 70, 76 (2006).

Accordingly, upon *de novo* review, this Court will adopt the Magistrate Judge's Report and Recommendation and deny the petition for habeas corpus relief based on the claim that

petitioner was denied his right to testify on his own behalf.

## V. Improper Jury Instructions

Petitioner contends that the jury instructions—which provided that the jury may infer malice from the use of a dangerous firearm—improperly allowed the jury to find premeditated murder without finding a specific intent to kill.  As the Magistrate Judge noted, however, "jury instructions are inherently a question of state law," *Watkins v. Murphy*, 292 F.3d 70, 74 (1st Cir. 2002), and errors in state law will not provide a basis for federal habeas corpus relief.

Accordingly, upon *de novo* review, this Court will adopt the Magistrate Judge's Report and Recommendation and deny the petition for habeas corpus relief based on the claim that the jury instructions were improper.

## VI. Motion to Appoint Counsel

In addition to his petition for habeas corpus, petitioner has also filed a motion to appoint counsel, which the Magistrate Judge did not address in his Report and Recommendation.  In support of his motion, petitioner noted that he could not understand the pertinent law and was thus unable to defend himself.  In his objection to the Magistrate Judge's Report and Recommendation and a subsequent notice sent to this Court, petitioner emphasized his inability to understand the filings.

The Court may appoint legal counsel to financially eligible persons seeking habeas relief pursuant to § 2241, 2254, or 2255 when the Court determines that the "interests of justice so require."  18 U.S.C. § 3006A(a)(2).  The decision to appoint counsel is discretionary; a habeas petitioner has no constitutional or statutory right to appointed counsel.  *Jackson v. Coalter*, 337 F.3d 74, 77 n. 2 (1st Cir. 2003).  The First Circuit has set forth three factors that the court must

consider when determining whether a petitioner's circumstances constitute the "rare" case where appointment of counsel for a habeas petitioner is warranted:  (1) the likelihood of success on the constitutional claim, (2) the factual complexity and legal intricacy of the claim, and (3) the ability of the prisoner to investigate and develop the factual record necessary to the claim. *United States v. Mala*, 7 F.3d 1058, 1063–64 (1993).[2]  Here, the likelihood-of-success factor is dispositive.  As discussed above, the Court finds that none of petitioner's claims are likely to merit the extraordinary remedy of habeas relief.

Accordingly, petitioner's motion for appointment of counsel will be denied.

### VII. Conclusion

For the foregoing reasons, upon *de novo* review, petitioner's objections to the Report and Recommendation of the Magistrate Judge are overruled, and the Report and Recommendation is accepted by the Court pursuant to 28 U.S.C. § 636(b)(1).  The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.  This matter is accordingly DISMISSED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  May 7, 2013

---

[2] Even though the petitioner in the Mala case was a federal prisoner seeking relief under § 2255, the Mala factors are applicable to petitions under § 2254. First, none of the factors in Mala are specific to § 2255 cases. Second, § 3006A does not create a different standard for appointment of counsel depending on which statute the habeas petition invokes. Third, case law from other circuits demonstrates the use of nearly identical factors in evaluating motions for appointment of counsel in § 2254 cases. *See*, *e.g.*, *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir.1994) (to determine whether appointment of counsel is warranted in a § 2254 case "a district court should consider the factual and legal complexity of the case, the petitioner's ability to investigate and present his claims, and any other relevant factors").